Per Curiam.

Plaintiff, employed as an inspector by a street railway company, was standing on the northbound rail of the street car line at 161st Street and 3rd Avenue, in the city of New York, attending to his usual duties when defendant’s truck, used to convey ice cream, proceeding in a southerly direction, approached plaintiff with one of the side doors on the left side of the truck ajar. The open door struck plaintiff and felled him.
Defendant driver had no knowledge of how the accident occurred. He had made his last delivery before the accident at City Island, which was some miles from 161st Street. On cross-examination he testified that the doors on the side of the truck were provided with locks that closed with a key but that the doors were not locked.
In the course of its deliberations, the jury returned to the court with the following query: “ If side doors were not locked by key, would this be considered negligence when his deliveries were completed at City Island? ” Over exception by plaintiff, *381 the court gave the following reply: “ There is no provision of law which would compel this man to lock his doors. That is a matter for him to determine from his own experience, and the nature of his business.”
We think the instruction was erroneous. Whether the defendant, in omitting to lock the doors of his truck when he left City Island, exercised reasonable care for the protection of others was, in the circumstances, an issue of fact for the jury. The decision of that question was withdrawn from them by the court’s instruction. The failure of the court to properly submit that material issue to the jury was obviously prejudicial and warrants a new trial. It is unnecessary to pass upon the other claimed errors.
The judgment should be reversed and a new trial ordered, with costs to appellant to abide the event.
Peck, P. J., Dore, Cohn, Callahan and Shientag, JJ., concur.
Judgment unanimously reversed and a new trial ordered, with costs to appellant to abide the event.